IN CIRCUIT COURT FOR CALVERT COUNTY

175 Main Street

Prince Frederick, MD 20678

<u>CASE No.04-C-07-001623</u>

| | | |
|---|---|---|
| Kathleen Arnold | vs. | Samuel I. White, P.C. |
| 9543 North Side Drive | | 209 Business Park Drive |
| Owings, MD 20736 | | Virginia Beach, VA 23462 |
| (410)-257-5283 | | (757)-490-9284 |
| Pro Se Plaintiff | | Defendant |

## **COMPLAINT**

Violation of Consumer Debt Collection Act

Plaintiff, Kathleen Arnold, (hereinafter "Arnold"), proceeding Pro Se, sues Samuel I. White, PC, (hereinafter "White"), Defendant, and says:

-1-

1. Plaintiff Kathleen Arnold now and at all times relevant to this suit, is a resident of Calvert County, Maryland with an address and property located at, and known as, 9543 North Side Drive, Owings, MD 20736, (hereinafter, "The Property").

2. Samuel I. White, P.C., (hereinafter, "White"), is believed to be organized under Professional Corporation of Virginia with a Last Known address of 209 Business Park Drive, Virginia Beach, VA 23462. Defendant carries on a meaningful, routine and regular Collection and Foreclosure Auctioneer business in the State of Maryland, these courts have jurisdiction over this Defendant pursuant to Maryland "Long-Arm" statutes Md. Code Ann., Cts. & Jud. Proc. § 6-103(b)(3)(4).

3. On or around January 14, 2005 and again in September 2007, Defendant White informed the Plaintiff that his firm, a collection firm as defined under Maryland law and for which Defendant conducts a routine and regular collection and foreclosure auctioneer business in Maryland, notified the Plaintiff her mortgage account had been referred to his firm for foreclosure proceeding.

4. In both instances, Plaintiff timely and immediately notified Defendant White that the debt purported owed and due by his client, CitiMortgage, was justly disputed requesting the collection and foreclosure actions commenced cease immediately. Plaintiff further requested Defendant White provide an accounting of the Plaintiffs mortgage history and documents upon which said claims were made. Defendant White still has failed to provide said accounting; Plaintiff asserts her 2005 claim is tolled accordingly pending said accounting since the Defendants September 2007, threat to foreclose is predicated upon 1), erroneous and false information Defendant White has

more than sufficient reason to know or discover and, 2), the Plaintiff never received proof of debt and an accounting as requested in the 2005 foreclosure action and therefore tolling the matter until said accounting is provided. Plaintiff rightfully brings this lawsuit against Defendant White for Violations of Maryland Consumer Debt Collection Act.

5. Plaintiff Arnold on or around September 24, 2007, again notified Defendant White the debt he was attempting to collect under threat of foreclosure against the Plaintiffs property remained justly disputed and again demanded Defendant White provide a detailed accounting of the Plaintiffs mortgage account that is to include all account transfers and subsequent servicing agents, lenders and all said account histories. Be known, to this day, Defendant White has failed to provide said accounting or has he complied with the Plaintiffs demands to cease and desist with the fraudulent collection of a debt for which Defendant White has more than good cause to know is not due and owed and further for which Defendant White has always known was not legally due and owed.

6. Defendant White and his client have reported and continue to report false and damaging credit information about the Plaintiffs mortgage account to unauthorized parties, third parties and credit reporting agencies and has done so with the intent to bring economic and financial harm and humiliation to the Plaintiff.

7. Defendant White has refused to ever provide a detailed accounting of the Plaintiffs Mortgage Account and proof of averred to arrears as his law firm has been asked as recently as September 24, 2007, and on subsequent occasions when Defendant White advertised the sale of the Plaintiffs property via foreclosure proceedings of the Plaintiffs property on or around January 2005, wherein he again threatens said action again on

September 24, 2007. Plaintiff maintains Defendant White has acted in bad faith failing to report the mortgage account as disputed with respective credit reporting agencies as he is required under Maryland law to do and failing to provide proof of purported debt by way of a comprehensive accounting of payment and charges assessed against the Plaintiffs Mortgage account, the later is still at large as of the filing of this lawsuit.

8. The aforesaid actions, were undertaken by Defendant White in collecting or attempting to collect an alleged consumer debt.

9. By Defendant White threatening to sell the Plaintiffs property, identified as "The Property", devoid of legitimate, legal cause or reason and void of any...arrears of the Plaintiffs mortgage, the Plaintiff asserts the Defendants actions were commenced with malice and by force with the expressed intention to harm, harass and otherwise abuse Plaintiff Arnold and are in violation of the Maryland Consumer Debt Collection Act, MD. Code Ann., Com. Law II § 14-202.

10. Plaintiff Arnold maintains at all times past and present her mortgage account has been paid in accordance to the contract she accepted on September 15, 2003 with the originating creditor and that there was never legitimate cause either past or present, to threaten her with an action of foreclosure or to report misleading and false credit information to any party be it credit reporting agency or any third party and these actions by Defendant White were commenced against the Plaintiff with the sole purpose of further causing financial and economic harm and to unjustly take possession of her property without requisite legal cause to do so.

11.     As a proximate result of Defendant Whites violation of the Maryland Consumer Debt Collection Act and any other claim to be discovered, Plaintiff has and continues to suffer damages, including emotional distress and mental anguish.

WHEREFORE, Plaintiff Kathleen Arnold demands judgment against Defendant Samuel I. White, PC, in the amount of Seventy Thousand Dollars, ($ 70,000), plus attorneys fees, interest, and cost and all other relief these courts or jury deem appropriate.

## DEMAND FOR JURY TRIAL

The Plaintiff Kathleen Arnold, proceeding Pro Se, hereby demands on this 26th day of September 2007, the above captioned case be tried by jury.

Respectfully Submitted,

/s/Kathleen Arnold

Signature of Plaintiff

Kathleen Arnold, Pro Se

9543 North Side Drive

Owings, MD  20736

Phone: 410-257-5283

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this 5th day of December, 2007, a copy of the foregoing complaint, exhibits and all documents filed with these courts therein, was mailed 1st class mail, restricted service, certified return receipt requested, to: Samuel I. White, P.C., 209 Business Park Drive, Virginia Beach, VA 23462.

Respectfully Submitted,

/s/Kathleen Arnold

Signature of Plaintiff

Kathleen Arnold, Pro Se

9543 North Side Drive

Owings, MD 20736

Phone: 410-257-5283