IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| KATHLEEN ARNOLD,<br><br>        Plaintiff,<br><br>v.<br><br>SAMUEL I. WHITE, P.C.,<br><br>        Defendant. | Civil Action No.: 8:08-CV-00038 (RWT) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT
OR, IN THE ALTERNATIVE, MOTION TO CONSOLIDATE CASES**

David M. Souders (Bar No. 15102)
Bruce E. Alexander (Bar No. 0287)
Sandra B. Vipond (Bar No. 15761)
1300 Nineteenth Street, NW, Fifth Floor
Washington, DC  20036
(202) 628-2000 (telephone)
(202) 628-2011 (facsimile)

Attorneys for Defendant Samuel I. White, P.C.

## INTRODUCTION

Defendant Samuel I. White, P.C. ("White Law Firm"), respectfully moves this Court for an order dismissing the Complaint as duplicative of other litigation or, in the alternative, for an order consolidating this case with a previously-filed matter. The instant action represents the fourth lawsuit filed by plaintiff concerning the very same series of transactions, to wit: (1) the payoff of plaintiff's previous loan, (2) the origination and servicing of a refinance mortgage loan, and (3) efforts to foreclosure plaintiff's refinance loan. As explained in more detail below, because the relief sought in this Complaint was asserted in a previously-filed matter that is presently pending before this Court, the Court should dismiss this case as an improper attempt at claimsplitting. Alternatively, the Court should order that this case be consolidated with the matter entitled Arnold, *et al*. v. CitiMortgage, Inc., *et al*., Civil Action No. 8:07-cv-02722-RWT.

## BACKGROUND

Plaintiff is no stranger to the Maryland courts or the defendant. Plaintiff filed for Chapter 13 bankruptcy in the U.S. Bankruptcy Court for the District of Maryland at Greenbelt on February 14, 2005, Case No. 05-13246-TJC (the "Bankruptcy Action"). The filing was subsequently converted to a Chapter 11 at plaintiff's behest, then a Chapter 7 upon motion of the United States Trustee. See Order Revoking Discharge and Dismissing Case, dated February 8, 2007, a copy of which is attached hereto as Exhibit 1 ("Bankruptcy Order").[1] Throughout the Bankruptcy Action, plaintiff repeatedly asserted that she had a cause of action against CitiMortgage, which holds a note secured by a first deed of trust on her residence at 9543 North Side Drive, Owings, Maryland 20736 (the "Property"). Id. at 2. The Bankruptcy Court, in its own words, "provided [plaintiff] with every opportunity to assess this alleged cause of action and

---

[1] Defendant respectfully requests that the Court take judicial notice of the Bankruptcy Order pursuant to Rule 201 of the Federal Rules of Evidence.

2

to convince the Chapter 7 Trustee that the cause of action is valid and should be pursued." Id. Indeed, the Bankruptcy Court denied CitiMortgage's motion for relief from the automatic stay, thereby preventing CitiMortgage from pursuing its right to foreclose on the Property, and providing plaintiff with time to analyze her purported claims against CitiMortgage. Id. Plaintiff squandered the two years afforded to her by the Bankruptcy Court to pursue her claim against CitiMortgage, then requested the revocation of her Chapter 7 discharge. Id. at 2-3. Stating that, "enough is enough," the Bankruptcy Court granted plaintiff's request on February 8, 2007, and revoked her Chapter 7 discharge and dismissed the case. Id. at 3-4.

Plaintiff and co-borrower Timothy Cotten then proceeded to file a Complaint against defendant and others in the Circuit Court for Calvert County, Maryland, on March 20, 2007, captioned Kathleen Arnold and Timothy Cotten v. CitiMortgage, Inc., et al., Case No.: C-07-353. Plaintiffs' Complaint was stricken without prejudice by the Circuit Court on May 23, 2007, for failure to comply with Rules 1-301, 1-301(c), 2-232, 15-503, 15-504(b), 2-501 and 2-231 of the Maryland Rules of Civil Procedure. See Order Striking Pleadings, dated May 23, 2007, attached hereto as Exhibit 2.[2]

Thereafter, beginning on August 6, 2007, plaintiff, either individually or in conjunction with Mr. Cotten, filed four separate Complaints in the Circuit Court for Calvert County Maryland, each of which has been removed to this Court:

- Arnold, et al., v. CitiMortgage, Inc., et al., Civil Action No. 8:07-cv-02722-RWT ("Arnold 1"). This 353-page Complaint (inclusive of exhibits) names eleven defendants, including three individual lawyers of the White Law Firm in their capacity as trustees for the foreclosure commenced on behalf of CitiMortgage, Inc. The Complaint purports to allege

---

[2] Defendant respectfully requests that the Court take judicial notice of the Circuit Court Order pursuant to Rule 201 of the Federal Rules of Evidence.

fourteen causes of action labeled as follows: (1) Fraud, (2) Violations of Maryland Consumer Protection Act and Unfair and Deceptive Trade Practices, (3) Intentional and Negligent Misrepresentation, (4) Unfair and Deceptive Collection Acts and Practices in Violation of Federal and Maryland State Laws, (5) Breach of Fiduciary Duty, (6) Breach of Duty of Good Faith and Fair Dealing, (7) Unfair Collections Practices, (8) Violation of Maryland Consumer Protection Act, (9) Violation of Maryland Finder's Fee Act, (10) Violation of FDCPA, (11) Violation of RESPA, (12) Violation of 15 U.S.C. Section 1635(f) Truth in Lending, (13) Violation of Fair Credit Reporting Act, and (14) Breach of Contract. Because the Complaint is so convoluted and incoherent, several of the parties have filed motions to dismiss for failure to state a claim and/or motions for a more definite statement, all of which are currently pending before the Court.

- Arnold, *et al.*, v. CitiMortgage, Inc., *et al.*, Civil Action No. 8:07-cv-02617-RWT ("Arnold 2"). This action names CitiMortgage, Inc., and Lehman Brothers Bank, F.S.B., as the only defendants and seeks rescission of plaintiffs' refinance loan. Defendants have filed a motion to dismiss for failure to state a claim, which is currently pending before the Court.

- Arnold v. CitiMortgage, Inc., *et al.*, Civil Action No. 8:07-cv-03412-RWT ("Arnold 3"). This case is filed against numerous parties, including the White Law Firm. The Complaint is entitled "Complaint for Accounting" and seeks the following relief: "[T]hat Defendants be ordered ... to fully and completely account for all sums obtained from Plaintiffs, all sums charged or assessed against the Plaintiffs mortgage and settlement of Plaintiffs mortgage account and all mortgage payments and interest assessed against the Plaintiffs mortgage account either during the servicing of this account or upon the refinancing and transfer of the Plaintiffs mortgage account either by settlement or transfer of this account for any reason." Compl. at 14.

- <u>Arnold v. Samuel I. White, P.C.</u>, Civil Action No. 8:08-cv-0003817-RWT ("<u>Arnold 4</u>"). This is the instant Complaint that is filed against the White Law Firm and purports to allege violations of the Maryland Consumer Debt Collection Act, Md. Code Ann., Comm. Law § 14-201 *et seq.*, in connection with foreclosure proceedings commenced by the law firm.

It is undisputed that all of the above-filed lawsuits allege federal and state law violations in connection with one or more of the following transactions: (1) the payoff of plaintiff's previous loan which was serviced by defendant Wells Fargo Home Mortgage, Inc.; (2) the origination of a refinance loan in September 2003 by Lehman; (3) the servicing of the refinance loan by Aurora; (4) the subsequent transfer of the loan to CitiMortgage; and (5) the commencement of foreclosure proceedings by the White Law Firm. See, e.g., Arnold 4 Complaint.

## ARGUMENT

### A.  Legal Standard of Review

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the Complaint. <u>Miller v. Pac. Shore Funding</u>, 224 F. Supp. 2d 977, 985 (D. Md. 2002); <u>Fare Deals Ltd. v. World Choice Travel.com, Inc.</u>, 180 F. Supp. 2d 678, 682 (D. Md. 2001). The Complaint should be dismissed if the facts as pled do not set forth "a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly,</u> ___ U.S. ___, 127 S. Ct. 1955, 1974 (2007). While the Court must accept the allegations contained in the Complaint as true, it is not bound to accept as true legal conclusions couched as factual allegations. <u>Miller</u>, 224 F. Supp. 2d at 985; <u>Fare Deals</u>, 180 F. Supp. 2d at 682. Otherwise, Rule 12(b)(6) would serve no function. <u>Miller</u>, 224 F. Supp. 2d at 985; <u>Fare Deals</u>, 180 F. Supp. 2d at 682. Accordingly, self-serving, inaccurate legal conclusions cannot rescue a factually deficient

pleading. Faulkner Advertising Assocs. v. Nissan Motor Corp., 945 F.2d 694, 695 (4th Cir. 1991). In this way, a Rule 12(b)(6) motion streamlines litigation by dispensing with needless discovery and factfinding. Neitzke v. Williams, 490 U.S. 319, 326-27 (1989).

### B. The Complaint Should Be Dismissed As An Improper Attempt at Claimsplitting Or, In the Alternative, Consolidated with Arnold 1

The Court should dismiss the instant case (Arnold 4) because it represents an improper attempt by plaintiff to split her claims and prosecute multiple lawsuits concerning the same alleged wrongs. "It is undisputed that it is within a district court's power to stay or dismiss a suit that is duplicative of another federal court suit." Sensormatic Sec. Corp. v. Sensormatic Electronics Corp., 452 F. Supp. 2d 621, 626 (D.Md. 2006) (citing Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976)). As explained by the Court in Sensormatic:

> Th[e] rule against duplicative litigation, also referred to as 'claim splitting,' is the 'other action pending' facet of the res judicata doctrine. Like res judicata, claim splitting prohibits a plaintiff from prosecuting its case piecemeal, and requires that all claims arising out of a single wrong be presented in one action. Thus, when a suit is pending in federal court, a plaintiff has no right to assert another action on the same subject in the same court, against the same defendant at the same time.

Id. (internal quotation marks and citations omitted). Similar to res judicata analysis, for claimsplitting cases, the second suit is barred if the claim involves the same parties or their privies and "arises out of the same transaction or series of transactions" as the first case. Id.

In Arnold 4, plaintiff alleges that the White Law Firm violated the Maryland Consumer Debt Collection Act, Md. Code Ann., Comm. Law § 14-201 *et seq.*, in connection with foreclosure proceedings commenced on behalf of CitiMortgage, Inc. Though cumbersome to read and understand, in Arnold 1, which names the individual lawyers of the White Law Firm in their capacity as trustees for CitiMortgage, Inc., plaintiff purports to allege violations of federal

and state debt collection practices acts in both Count 4 ("Unfair and Deceptive Collection Acts and Practices in Violation of Federal and Maryland State Laws") and Count 7 ("Unfair Collection Practices"). See Arnold 1 Complaint at 119 and 132. Thus, plaintiff has filed two different lawsuits on the same subject seeking the same relief. Plaintiff is not permitted to split her claims in such a way as to burden both the defendant's resources and this Court's judicial resources. Id. at 626 n.2 (noting that the goal of both res judicata and claimsplitting is to " 'foster [ ] judicial economy and protect[ ] the parties from vexatious and expensive litigation.'") (quoting Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2d Cir. 2000).

Accordingly, because Arnold 4 concerns the same subject as Arnold 1, the Court should dismiss the instant Complaint as a blatant attempt by plaintiff to split her claims. In the alternative, the Court should order that Arnold 4 be consolidated with Arnold 1. See id. (stating that "courts faced with duplicative suits may stay the second suit, dismiss it without prejudice, enjoin the parties from proceeding with it, or consolidate the two actions.") (citing Curtis, 226 F.3d at 139).

## CONCLUSION

For all the foregoing reasons, defendant respectfully requests that this Court dismiss the Complaint, or, in the alternative, consolidate this case with Arnold 1.

                Respectfully submitted,

                WEINER BRODSKY SIDMAN KIDER PC

By:   /s/ David M. Souders
      David M. Souders (Bar No. 15102)
      Bruce E. Alexander (Bar No. 0287)
      Sandra B. Vipond (Bar No. 15761)
      1300 Nineteenth Street, NW, Fifth Floor
      Washington, DC  20036
      (202) 628-2000 (telephone)
      (202) 628-2011 (facsimile)

      Attorneys for Defendant Samuel I. White, P.C.

F:\96063\041\Memorandum Dismiss.doc