# EXHIBIT 1

Entered: February 08, 2007
Signed: February 08, 2007
**SO ORDERED**



THOMAS J. CATLIOTA
U. S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF MARYLAND
### at GREENBELT

| | | |
|---|---|---|
| In re: | * | |
|    Kathleen Arnold | * | Case No. 05-13246-TJC |
| | * | |
| | * | |
|       Debtor | * | (Chapter 7) |
| | * | |
| | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### ORDER REVOKING DISCHARGE AND DISMISSING CASE

Before the Court is the Motion to Dismiss Involuntarily Converted Chapter 11 to

Forced Chapter 7 Case . . . (Docket No. 185) (the "Motion") [1] filed by the Debtor

Kathleen Arnold (the "Debtor"). In the Motion, the Debtor asks the Court to revoke her

discharge and dismiss the case so that the Debtor and her creditors can pursue their rights

and remedies in state court. The nineteen-page Motion is typical of the filings made by

---

[1] The complete title to Docket No. 185 is "Motion to Dismiss Involuntarily Converted Chapter 11 To a Forced Chapter 7 Case for Having Been Converted by Force to Chapter 7 Case Devoid of Good Cause, or Reason on 5/24/2006 in the above Referenced Case and so Grant Further, Without Good Causes and, to receive Expedited Handling and Hearing Priority to Lift-Stay Hearing and all other hearings to date either pending or anticipated and only Excepting this Motion to Dismiss, Mr. Cotten's Motion for Summary Judgment on Adversary Case No. 06-02056 and Motion to Remove Case".

the Debtor in this case. It is filled with vitriol, unsupported allegations of wrongdoing, and insults directed at virtually every entity that has been involved in this case, including the Court. No party has filed an objection to the Motion, undoubtedly because no party wants to continue to have to deal with the Debtor. For the reasons stated herein, the Court will revoke the Debtor's discharge and dismiss the case.

The Debtor filed this case under Chapter 13 of the Bankruptcy Code on February 14, 2005. By request of the Debtor, it was converted to a case under Chapter 11 on November 15, 2005. Docket No. 44. Subsequently, the case was converted on June 1, 2006, from Chapter 11 to Chapter 7 on motion of the United States Trustee. Docket No. 96.

Throughout the case, the Debtor has asserted that she has a cause of action against her lender, CitiMortgage, Inc. ("CitiMortgage"), which holds a note secured by a first deed of trust on her residence at 9543 North Side Drive, Owings, MD, 20736 (the "Property"). The Court has provided the Debtor every opportunity to assess this alleged cause of action and to convince the Chapter 7 Trustee that the cause of action is valid and should be pursued. The Court denied CitiMortgage's motion for relief from the automatic stay, thereby preventing CitiMortgage from pursuing its right to foreclose on the Property, provided it received certain adequate protection payments that would keep the payments current under its contractual loan arrangement with the Debtor. Docket No.165. This action was intended to, and in fact did, provide the Debtor with time to continue to analyze whether a valid cause of action existed against CitiMortgage.

The Debtor has made little progress in this case during the two years it has been pending, through no fault of anyone other than the Debtor. Nevertheless, throughout this

2

case, the Debtor has conducted herself in a way that is totally at odds with the Maryland

State Bar Association Code of Civility and unacceptable to this Court. For example, her

personal attacks on the United States Trustee and the Trial Attorney assigned to this case

-- for doing nothing other than properly filing a motion to convert the case from Chapter

11 to Chapter 7 (which the Court granted) -- led the U.S. Trustee to state that:

> [t]he Debtor's hysterical remarks about the United States Trustee's
> counsel are factually incorrect and defamatory. If this Debtor
> continues to file such defamatory, factually incorrect and vexatious
> pleadings, the United States Trustee will have no choice but to move
> for sanctions.

Docket No. 87 at p. 2. According to the Debtor, practically everyone associated with this

case has committed fraud or is impartial, incompetent or colluding against her. The list

includes her first counsel, her second counsel, CitiMortgage, the United States Trustee,

the intervener's counsel and this Court.

In the Motion, the Debtor requests that the Court rescind the discharge she has

previously received in this Chapter 7 case and dismiss the case. See e.g., Motion at ¶ 44.

She contends that she and her creditors would be better off in litigation in state court

where the creditors "will be free to pursue their collection activities." Id. No party has

filed an opposition or response.

The Court concludes that under the circumstances of this case, the Debtor's relief

should be granted. Stated otherwise, enough is enough. Accordingly, it is by the United

States Bankruptcy Court for the District of Maryland,

ORDERED, that the Motion (Docket No. 185) is hereby granted; and it is further,

ORDERED, that, at the request of the Debtor, the discharge previously granted to

the Debtor at Docket No. 175 is hereby revoked; and it is further,

3

ORDERED, that all other pending motions are hereby denied without prejudice; and it is further,

ORDERED, that this case is dismissed; and it is further,

ORDERED that 11 U.S.C. § 109(g) applies to the Debtor, and it is further,

ORDERED, that notwithstanding that no separate document will be entered pursuant to Fed. R. Civ P. 58 and Fed. R. Bank. P. 9012, this order is intended to be a final order of dismissal.


Copies To:

Debtor-Pro Se
Intervener- Timothy Cotton
Intervener's Attorney- Timothy Wilcox
Trustee
U.S. Trustee
All Creditors on Mailing Matrix


**END OF ORDER**

4