# EXHIBIT 2

IN THE CIRCUIT COURT FOR CALVERT COUNTY, MARYLAND

KATHLEEN ARNOLD and
TIMOTHY COTTEN

    Plaintiffs

vs.                                      Civil Action No. C-07-353

CITIMORTGAGE, INC., et al

    Defendants

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## ORDER

Plaintiffs in this action have filed a multi-count Complaint for Monetary Damages and Other Relief, and Motions for a Temporary Restraining Order and a Preliminary Injunction against multiple Defendants. A portion of the Complaint is also captioned with Plaintiffs herein named as Third Party Plaintiffs against three entities, captioned as Third Party Defendants. The Complaint contains numerous failures to comply with the Maryland Rules of Civil Procedure, which shall be detailed herein. Also filed in this case is Defendant Congressional Funding USA, LLC's Motion to Quash Service of Process, Plaintiffs' response thereto, Defendant Congressional Funding USA, LLC's Motion to Quash Second Service of Process Which Allegedly Occurred 4/13/07, and Defendant Congressional Funding USA, LLC's Response to Plaintiff's Answer to Motion to Quash Service of Process. Plaintiff has also filed a Second Responsive Answer and Counter Motion for Default Judgment in response to Defendants request to Quash Service of Process, and a Motion for Default Judgment as against all Defendants.

The first failure to comply with the Maryland Rules involves Rule 1-301. That Rule requires that an original pleading (such as the Complaint herein) shall contain the names and addresses, including the zip code, of all parties to the action, if the names and addresses are known. If not known, the pleading shall so state. Although names are listed in Plaintiff's

1

Complaint, there are no addresses, or any statement that the address is unknown.

Next, Rule 1-301(c) requires that any papers filed with the Court shall be 8 ½ inches wide by 11 inches long. Plaintiff filed the Complaint and all other documents on 8 ½ inch by 13 inch paper. Plaintiffs' Complaint, Motions and Exhibits, consists of 240 pages, give or take a few pages. The Rule provides that existing longer documents attached as exhibits may be on the longer paper, but the Rule does apply to longer documents prepared as exhibits. Later pleadings by the Plaintiff are filed on 8 ½ by 11 and 3/4 inch paper, which is not in compliance with the Rule. Therefore, all pleadings and exhibits filed in this case shall be stricken by the Court, without prejudice, and returned to the Plaintiff. It shall be the responsibility of the Plaintiffs to re-file their action in the proper form, as required by the Maryland Rules of Civil Procedure.

The Plaintiffs, in their Complaint, caption a portion of it as Third Party Plaintiffs (Arnold and Cotten) versus Lehman Brothers Bank, Well Fargo Home Mortgage, Inc., and Congressional Funding USA, as Third Party Defendants. Maryland Rule 2-232 governs third-party practice. That Rule states that a party named as a defendant in a lawsuit may cause a summons and complaint, together with a copy of other enumerated pleadings and orders, to be served on a party (or entity) who was not previously a party to the action, and who is or may be liable to the defendant (in the initial lawsuit) for all or part of plaintiff's claim (from the initial lawsuit) against the defendant (in the initial lawsuit). If Plaintiff herein has been named as a defendant in some other lawsuit, that is not a determining factor in properly bringing a third party action. In this case, Plaintiff is not a defendant in this lawsuit, and cannot, therefore, be a third party plaintiff, within the meaning of Rule 2-232. The claims against those entities improperly named as Third Party Defendants in this action will, therefore, be stricken, again without prejudice. It is Plaintiff's responsibility to re-file the Complaint in proper form, naming the proper parties in their correct posture, under the Maryland Rules of Civil Procedure. Congressional Funding USA, LLC is one of the parties designated as a third party defendant. Their motion to quash service will be granted.

2

Plaintiffs also filed a Request for Special Assignment, purportedly under Rule 16-202(b). A review of Plaintiffs' Complaint reveals claims based on the refinancing of their residence. Rule 16-202(b) addresses differentiated case management plans required of the courts. The only reference in that Rule to assignment to a particular judge has to do with cases within a family division, applicable to those Courts which have a family division. Calvert County does not have a family division within the meaning of Rule 16-202(b), and, in any event, this is not a family law case. The Rule is inapplicable to this action.

Plaintiffs' Complaint prays for a temporary restraining order and a preliminary injunction. Maryland Rules 15-501, *et seq.*, govern injunctive relief. Rule 15-503 requires the posting of a bond prior to the issuance of a temporary restraining order or a preliminary injunction. No bond has been posted, nor has there been a request for waiver of bond. Further, Rule 15-504(b) specifically requires certification of efforts made to provide notice to opposing parties of the request for a temporary restraining order. There is no such certification in Plaintiffs' pleadings. There is no indication of notice in any manner to the opposing parties of the request for a temporary restraining order, other than the final page of the Motion for Temporary Restraining Order, which states "Copies to:," and lists the Defendants. This is not a proper certificate of service, and does not constitute the required notice under Rule 15-504(b). Nor does it constitute an affidavit of service or return of service, which would indicate proper original service of the Complaint, including the Motion for Temporary Restraining Order, on any of the Defendants.

Plaintiffs' response to Congressional Funding USA, LLC's Motion to Quash requests a summary judgment against that Defendant as to all claims. Summary judgment is governed by Maryland Rule 2-501, which requires a motion asserting that there is no dispute of material fact and the moving party is entitled to judgment as a matter of law, and allows a response by the non-moving party. Ruling on a motion for summary judgment requires the Court to review the pleadings and other evidentiary submissions by both parties. It is not the proper response to a motion to quash service. A motion for summary judgment is not properly before this Court.

3

Plaintiff Kathleen Arnold has signed several of the pleadings with the phrase "for all Similarly Situated Parties." The phrase, or something similar, is used in those cases designated as a class action lawsuit, which is governed by Maryland Rule 2-231, and substantive law. A class action must be so designated by the court, and can be a complicated and technical procedure. There has been no motion and no certification by this Court as to that issue. It is improper for Plaintiffs to imply that they represent anyone other than themselves in this action.

Because the Court is striking all of Plaintiffs' pleadings, Plaintiffs will need to initiate the lawsuit from the beginning, re-filing the case correctly pursuant to the Maryland Rules of Civil Procedure. A second filing fee will not be charged. The Court will mail this Order to all named Defendants, as follows:

Congressional Funding USA
15245 Shady Grove Road
Suite 145
Rockville MD   20850

Wells Fargo Home Mortgage, Inc
P.O. Box 14547
Des Moines   IA   50306

Lehman Brothers Bank
400 Professional Drive
Suite 100
Gaithersburg   MD   20879

Daniel Pesachowitz
c/o Law Offices of Samuel I. White, P.C.
209 Business Park Drive
Virginia Beach   VA   23462

Robert E. Frazier
c/o Law Offices of Samuel I. White, P.C.
209 Business Park Drive
Virginia Beach   VA   23462

Randa S. Azzam
c/o Law Offices of Samuel I. White, P.C.
209 Business Park Drive
Virginia Beach  VA  23462

Mortgage Electronic Registration System
1000 Technology Drive
O'Fallon  MO  63368

Citimortgage, Inc.
1000 Technology Drive
Mail Station 322
O'Fallon, MO  63368

All of the above addresses were provided by the Plaintiff. Each of the above named Defendants **shall not** be required to respond to the stricken pleadings. Congressional Funding USA, LLC's Motion to Quash Service is granted, as to both attempts at service. Defendants are not required to respond unless and until Plaintiffs re-file the lawsuit correctly, and serve the Defendants with the corrected pleadings, pursuant to the Maryland Rules of Civil Procedure. Plaintiffs shall include, in the re-filed case caption, in all capital, bold letters, the words "**CORRECTED PLEADINGS**." If and when those pleadings, marked as **CORRECTED PLEADINGS**, are served on the Defendants, they will be required to respond pursuant to the Maryland Rules.

Based on the foregoing, it is, this __23rd__ day of May, 2007, by the Circuit Court for Calvert County, Maryland

**ORDERED**, Plaintiff's Complaint for Monetary Damages and Other Relief, Request for Special Assignment, Plaintiffs' Motion for Preliminary Injunction, and Plaintiffs' Motion for *Ex Parte* Temporary Restraining Order are hereby stricken; and it is further

**ORDERED**, that all pleadings herein are **STRICKEN** entirely, without prejudice to Plaintiffs re-filing a Complaint and any other pleadings, in compliance with the Maryland Rules

5

of Civil Procedure. If Plaintiff does re-file, another filing fee will not be charged; and it is further

**ORDERED**, that any pleadings re-filed by the Plaintiffs shall contain, in the case caption, the following words, in all capitals and bold letters: **CORRECTED PLEADINGS**. The corrected pleadings shall be served on the named Defendants, in compliance with the Maryland Rules of Civil Procedure; and it is further

**ORDERED**, that the Motion to Quash Service of Process, filed April 18, 2007, and Second Motion to Quash Second Service of Process Allegedly Delivered on April 13, 2007, filed May 9, 2007, both by Congressional Funding USA, LLC, are hereby **GRANTED**. Service on Congressional Funding USA, LLC is hereby **QUASHED**; and it is further

**ORDERED**, that copies of this Order shall be mailed by the Court to all named Defendants in Plaintiffs' Complaint, as listed in the above Order. All named Defendants are **not** required to respond to service of Plaintiffs' original complaint. They may file responsive pleadings if and when they are served with Plaintiffs' **CORRECTED PLEADINGS**, if they are so marked, as required in this Order.

_____
Marjorie L. Clagett, Judge

I hereby certify that the foregoing Opinion and Order were mailed, first class, postage pre-paid, to the Plaintiffs and to the Defendants as listed in the Court's Order, this 23rd day of May, 2007.

_____
Katherine Quinn, Law Clerk

6