IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED ENTERED
LODGED RECEIVED

SEP 1 2 2008

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY_____ DEPUTY

| | | |
|---|---|---|
| KATHLEEN ARNOLD and TIMOTHY COTTEN, | * * * | |
| Plaintiffs, | * * | |
| v. | * * | Civil Case No. **RWT 07-2617** |
| CITIMORTGAGE, INC., et al. | * * | |
| Defendants. | * | |

| | | |
|---|---|---|
| KATHLEEN ARNOLD and TIMOTHY COTTEN, | * * * | |
| Plaintiffs, | * * | |
| v. | * * | Civil Case No. **RWT 07-2722** |
| CITIMORTGAGE, INC., et al. | * * | |
| Defendants. | * | |

| | | |
|---|---|---|
| KATHLEEN ARNOLD | * * | |
| Plaintiff, | * * | |
| v. | * * | Civil Case No. **RWT 07-3412** |
| CITIMORTGAGE, INC., et al., | * * | |
| Defendants. | * | |

| | | |
|---|---|---|
| KATHLEEN ARNOLD | * * | |
| Plaintiff, | * * | |
| v. | * * | Civil Case No. **RWT 08-0038** |
| SAMUEL I. WHITE, P.C., | * * | |
| Defendant. | * | |

| | |
|---|---|
| KATHLEEN ARNOLD | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil Case No. **RWT 08-2197** |
| | * |
| SAMUEL I. WHITE, P.C., | * |
| | * |
| Defendant. | * |

## MEMORANDUM OPINION

From a review of the factual allegations in the pleadings in the above five cases, it appears that Kathleen Arnold and Timothy Cotten refinanced the mortgage on their home in Calvert County, Maryland. This relatively simple transaction, and those that necessarily evolved from it, apparently were not concluded or carried out in a manner satisfactory to the Plaintiffs. The result has been a veritable explosion of litigation in the Circuit Court for Calvert County, Maryland, the United States Bankruptcy Court for the District of Maryland, and this Court. That litigation has included claims against virtually every person or entity having had any involvement whatsoever with the refinancing at issue and attempts to enforce the loan made as a result of the refinancing.

In the United States Bankruptcy Court, a discharge granted to Ms. Arnold was, pursuant to her own motion, revoked and the proceedings were dismissed by Order entered February 28, 2007, by United States Bankruptcy Judge Thomas J. Catliota. Order Revoking Discharge and Dismissing Case, *In re* Kathleen Arnold, No. 05-13246 (Bankr. D.Md. Feb. 28, 2007). Therein, he noted that the filings she made have been filled with "vitriol, unsupported allegations of wrongdoing, and insults directed at virtually every entity that has been involved in this case, including the Court." Id. at 2. He then noted that "[n]o party has filed an objection to the Motion, undoubtedly because no party wants to continue to have to deal with the Debtor." Id. Judge Catliota further noted that "throughout this case, the Debtor has conducted herself in a way that is totally at odds with the Maryland State Bar Association Code of Civility and unacceptable to this Court." Id. at 2-3. He lamented "her personal attacks on the United States Trustee and the Trial Attorney assigned to this

2

case -- for doing nothing other than properly filing a motion to convert the case from Chapter 11 to Chapter 7 (which the Court granted)." Id. at 3. Judge Catliota observed that according to Ms. Arnold, "practically everyone associated with this case has committed fraud or is impartial [sic], incompetent or colluding against her. The list includes her first counsel, her second counsel, CitiMortgage, the United States Trustee, the intervener's [sic] counsel and this Court." Id. As a result of Judge Catliota's Order, Ms. Arnold was freed to pursue claims arising out of her refinancing, and CitiMortgage was at liberty to pursue efforts to enforce its mortgage.

Six weeks after the Order of Judge Catliota freeing Ms. Arnold to pursue her claims, she filed a multi-count Complaint for Monetary Damages and Other Relief against multiple defendants in the Circuit Court for Calvert County, Maryland. On May 23, 2007, Circuit Court Judge Marjorie L. Clagett entered an Order that contained a veritable primer on the Maryland Rules of Procedure, the conclusion of which was that the Plaintiff's complaint was stricken, as well as all of her other pleadings, but without prejudice to the Plaintiff's right to refile a complaint that complied with the Maryland Rules of Procedure. Order, Arnold v. Citimortgage, Inc., No. C-07-353 (Md. Cir. Ct. May 23, 2007). No appeal was taken by Ms. Arnold, and she did not refile her complaint in that case.

Rather than take advantage of the tutorial provided by Judge Clagett, Ms. Arnold, sometimes joined by Mr. Cotten, initiated five different proceedings in the Circuit Court for Calvert County, which all relate, in one form or another, to the refinancing of the Calvert County residence and any person or entity having any involvement whatsoever with the transaction, or the enforcement of obligations arising out of it. All of these matters have been removed to this Court, and there are now a myriad of motions pending before this Court for disposition.

Rarely does a time arise when a Court must say to a litigant: "Enough." This is one of them. Ms. Arnold and Mr. Cotten may have meritorious claims, but they simply must not pursue them in willful disregard of the Federal Rules of Civil Procedure. "[F]ederal courts have the power and obligation to protect themselves from abusive filing of frivolous and repetitive claims." McMahon v. F/M. Bank-Winchester, 45 F.3d 426 (4th Cir.1994) (unpublished). "The [C]ourt has a responsibility to

3

prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." See Procup v. Strickland, 792 F.2d 1069, 1073 (11th Cir. 1986) (en banc).

The Complaints in these cases are incoherent and difficult, at best, to read. The Federal Rules of Civil Procedure require pleadings to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civil P. 8(a)(2). Each allegation must be "simple, concise and direct." Id. at 8(d)(1). The numerous complaints filed by the Plaintiffs are neither short nor plain. They are inconsistent, confusing, overlapping and laced with vitriol and venom, entirely inappropriate for inclusion in a complaint before this Court.

The Plaintiffs are reminded of Rule 11 of the Federal Rules of Civil Procedure which provides that by signing and filing a pleading, an unrepresented party is certifying to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances, that:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Rule 11 also provides that if the Court determines that the above requirement has been violated, the Court may impose an appropriate sanction on any party that has violated the rule.

The Plaintiffs are not free to file cases before this or any other court without any limitations whatsoever. The Complaints in the above five cases presently pending before this Court contain a total of 447 pages, a number that is grossly excessive in relation to the requirement of Rule 8 that a claim be stated in short and plain terms.

The litigation before this Court must be subject to reasonable controls, and the Court will now exercise that control. Because of the numerous violations of Rule 8 and the impossibility of responding to the pleadings presently pending before the Court, this Court will, as did Judge Clagett

before it, strike all of the Complaints pending before this Court in the above five cases. The Court will also consolidate all of the above cases, and direct that all future pleadings be filed in Case No. RWT 07-2617 to the exclusion of any other case.

The Plaintiffs are directed to file an amended complaint, if they choose to do so, in Case No. RWT 07-2617 containing all claims that they may have against any of the Defendants presently before this Court within thirty days of the date of this Order, and such amended complaint may not exceed thirty pages and must be double-spaced in no smaller than 12-point font. The Plaintiffs will be expressly relieved of the obligations to comply with Local Rule 103.6.c.

The Plaintiffs are also reminded of the provisions of Rule 9(b) of the Federal Rules of Civil Procedure. If, after careful reflection on the requirements of Rule 11, the Plaintiffs conclude that they desire to pursue a claim of fraud against any party, they should understand that they are required to "state with particularity the circumstances constituting fraud or mistake." It is a patent violation of this requirement to make vague, generalized allegations of fraud, and certainly if there is no factual basis to support such allegations. The Plaintiffs are free to pursue any bona fide claims of fraud, but they are cautioned that they must make their allegations with particularity in accordance with Rule 9(b) and after careful consideration of the provisions of Rule 11.

The Plaintiffs should remember that this Court will be cognizant, in examining any amended complaint, of the requirements of Rules 8, 9(b), and 11, and will not hesitate to enforce these rules should the Court conclude, after inquiry, that they have been violated. These actions taken by the Court are taken on its own motion and, accordingly, the motions to remand will be denied and the numerous other motions pending before this Court will all be denied as moot.

Finally, the Plaintiffs are cautioned that they are wearing thin the patience of this Court, as they did with Judge Catliota and Judge Clagett. With slight paraphrasing of the decision in Presidio Group, LLC v. GMAC Mortgage, LLC, No. 08-5298, 2008 U.S. Dist. LEXIS 49401 (D. Wash. June 27, 2008), the Plaintiffs are admonished as follows:

       Plaintiffs have a great deal to say,

       But it seems they skipped Rule 8(a),

       Their Complaints are too long,

       Which renders them wrong,

       Please re-write and file within thirty days.

_September 11, 2008_
Date

                                 Roger W. Titus
                                 United States District Judge